UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARLAN ASSET MANAGEMENT, LLC, a
Missouri limited liability company,

    Plaintiff,

v.                                                Case No: 3:17-cv-775-MCR-EMT

A.F.A.B. CONTRACTORS, INC., GARY L.
MASON, and JULIE SPAIN MASON,

    Defendants,

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause was referred to the undersigned on June 14, 2018, to enter a Report and Recommendation on the disposition of the garnishment proceedings pending in this case. (Doc. 67, 68). The docket shows that on February 8, 2018, Plaintiff Arlan Asset Management, LLC filed an Ex Parte Motion for Writ of Garnishment (Doc. 26) seeking to garnish the accounts of Defendants A.F.A.B. Contractors, Inc., Gary L. Mason, and Julie Spain Mason at eight banks: Regions Bank, First Florida Bank, Wells Fargo Bank, N.A., Community Bank, Coast, Bank of America Corporation, Beach Community Bank, Hancock Bank, and Trustmark National Bank. Each bank filed an answer, but only Trustmark National Bank indicated in its Answer (Doc. 55) that it was indebted to Defendants Gary L. Mason and Julie Spain Mason, specifically to the sum of $196.28. The other banks indicated that they were not indebted to Defendants.

On March 7, 2018, Defendants Gary L. Mason and Julie Spain Mason filed a Motion to Dissolve Writ of Garnishment (Doc. 58). Defendants are requesting the Court to dissolve the writ of garnishment issued to Trustmark National Bank on February 8, 2018. Plaintiff filed a Response

to Defendants' Motion to Dissolve Garnishment (Doc. 59) on March 20, 2017. Defendants have not filed a claim of exemption and the Motion to Dissolve Writ of Garnishment is the only garnishment matter currently pending. For the reasons explained below, the undersigned recommends that Defendants' Motion to Dissolve Writ of Garnishment be **DENIED**.

Defendants argue that the writ of garnishment issued to Trustmark National Bank should be dissolved because Plaintiff failed to strictly comply with the requirements of Fla. Stat. § 77.041(1) by failing to attach to a "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property" to the Ex Parte Motion for Writ of Garnishment (Doc. 26). (Doc. 58 p. 2).

In response, Plaintiff argues that it complied with Fla. Stat. § 77.041 by mailing Defendants' "Notice of Defendant of Right Against Garnishment of Wages, Money and Other Property" on February 13, 2018, within five business days after the writ of garnishment was issued to Trustmark National Bank on February 8, 2018.

Fla. Stat. § 77.041(1) provides that upon application for a writ of garnishment by a plaintiff, if the defendant is an individual, the clerk of court shall attach to the writ a "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property." Fla. Stat. § 77.041(2) provides that "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later."

The Court rejects Defendants' argument that the writ of garnishment should be dissolved because Plaintiff failed to strictly comply with the provisions of Fla. Stat. § 77.041. Fla. Stat. § 77.041(1) instructs the clerk of court to attach the "Notice to Defendant" to the writ of garnishment.

Fla. Stat. § 77.041(1) does not provide that the "Notice to Defendant" must be attached to a motion for writ of garnishment. Thus, Defendants' claim that Fla. Stat. § 77.041(1) "provides that a Garnishor, when applying for a writ of garnishment must attach the required notice to the Motion for Writ of Garnishment" is not correct. (Doc. 58 p. 2).

Further, the docket shows, and Defendants do not contest, that Plaintiff complied with Fla. Stat. § 77.041(2) by mailing Defendants the "Notice to Defendant" on February 13, 2018, within 5 business days after the writ of garnishment was issued on February 8, 2018. (*See* Doc. 35). Defendants were timely noticed of their rights against garnishment pursuant to Fla. Stat. § 77.041.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

Defendants' Motion to Dissolve Writ of Garnishment (Doc. 58) be **DENIED**.

**Respectfully recommended** in Chambers at Fort Myers, Florida on June 21, 2018.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C).

Copies furnished to:

Counsel of Record
Unrepresented Parties